FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:20 pm, Jun 17, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDWARD L. GRIMES, JR.,

    Petitioner,

v.

LINDA GETER,

    Respondent.

CIVIL ACTION NO.: 2:20-cv-42

**O R D E R**

Presently before the Court is Petitioner's Motion for Reconsideration of the Court's Order denying his motion for appointment of counsel.[1] Doc. 9. In his Motion, Petitioner states he cannot interpret Respondent's citations to law and needs assistance. Id.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could

---

[1] The Court **DIRECTS** the Clerk of Court to amend the docket entry in this case to reflect Petitioner's Motion is one for reconsideration of a previous Order of the Court.

have been raised prior to the entry of" an order.  Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Petitioner's Motion.  He fails to present any newly discovered evidence in support of his desire to have counsel appointed, nor does he allege this Court's previously entered Order represents a manifest error of law or fact.  As the Court advised Petitioner, it does not appear the interests of justice or due process require he be afforded counsel.  Doc. 4 at 2.  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's April 24, 2020 Order remains the Order of the Court.

**SO ORDERED**, this 17th day of June, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA