IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDWARD L. GRIMES, JR.,

      Petitioner,

v.

LINDA GETER,

      Respondent.

CIVIL ACTION NO.: 2:20-cv-42

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Edward Grimes ("Grimes"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Grimes filed Responses.  Docs. 5, 7, 8.  Grimes also filed a Motion for Expedited Disposition.  Doc. 11.  For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Grimes' Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Grimes leave to appeal *in forma pauperis*.[1]  I **DENY as moot** Grimes' Motion for Expedited Disposition.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Grimes his suit is due to be dismissed.  As indicated below, Grimes will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL

## BACKGROUND

Grimes was originally sentenced in the Southern District of Florida on October 16, 2003, to 292 months' imprisonment for conspiracy to possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841, and possession with intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. § 841.  Doc. 5-1 at 7.  Grimes also received 10 years of supervised release as part of this sentence.  Id.  Grimes was later sentenced on March 28, 2017, in the Southern District of Florida for his convictions on two counts of distribution of controlled substances to a term of 60 months' imprisonment on both counts, to run concurrently with each other (Case Number 16-cr-80189).  Id. at 10–11.  On April 6, 2017, Grimes was sentenced to a 51-month sentence based on revocation proceedings arising from his 2003 conviction, and the sentencing judge ordered Grimes' sentence to run consecutively to Grimes' April 2017 sentence.  Id. at 17.  After the government moved to reduce Grimes' sentence in Case Number 16-cr-80189, Judge Robin Rosenberg reduced Grimes' sentence to 24 months' imprisonment on each count, to run concurrently with each other and with the revocation term of imprisonment to begin on April 17, 2018, on April 19, 2018.  Id. at 22.

Grimes had a projected release date of April 10, 2022, id. at 6, and an actual release date of September 2, 2020.  https://www.bop.gov/inmateloc/, search for Number 72236-004, "Grimes, Edward," (last visited Jan. 22, 2021).  Grimes filed this § 2241 Petition to challenge the Bureau of Prisons' ("BOP") calculation of his sentences.  Doc. 1.  According to Grimes, Judge Rosenberg's sentence reduction to 24 months' imprisonment in Case Number 16-cr-80189, to be

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

served concurrently with his term of imprisonment in the revocation proceedings, should have resulted in his service of a 51-month sentence rather than the 75-month sentence the BOP calculated. Id. Thus, Grimes requests this Court order the BOP to treat his 24-month sentence, imposed on April 17, 2018, to begin immediately and to be calculated to be served concurrently with the revocation sentence. Id. at 9.[2]

## DISCUSSION

**I.     Whether Grimes' Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to

---

[2] In his Motion for Expedited Disposition, Grimes asks the Court to rule on his Petition expeditiously, as the granting of his Petition would result in his eligibility for immediate release. Doc. 11. The Court investigated whether Grimes was still incarcerated, given this assertion and subtracting his 24-month sentence from his projected release date. Indeed, as noted above, Grimes has been released from the BOP's custody. However, Grimes has not yet informed the Court of any change if address, which provides a separate reason for the dismissal of Grimes' Petition based on his failure to follow a Court Order. Doc. 3 at 2 ("Petitioner is cautioned that, while this action is pending, he shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case.") (emphasis omitted).

3

which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).  A "'mootness issue quite clearly can be raised *sua sponte* . . . .'" Id. (quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), in turn quoting Sannon v. United States, 631 F.2d 1247, 1250 (5th Cir. 1980))).

Here, Grimes requests this Court order the BOP to treat his 24-month sentence, imposed on April 17, 2018, to begin immediately and to be calculated to be served concurrently with the revocation sentence.  Doc. 1 at 9.  However, Grimes was released from BOP custody during the pendency of this Petition, indicating he has received his requested relief.  The Court raises the issue of the mootness of Grimes' Petition sua sponte.  There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Grimes' Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss.

**II.     Leave to Appeal** *in Forma Pauperis*

The Court should also deny Grimes leave to appeal *in forma pauperis*.  Though Grimes has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

4

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Grimes' Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Grimes *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Grimes' Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Grimes leave to appeal *in forma pauperis*.  I **DENY as moot** Grimes' Motion for Expedited Disposition.  Doc. 11.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA